UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:98-cr-00119-SEB-TAB |
| ) | |
| WILLIAM FULCHER, ) -01 | |
| ) | |
| Defendant. ) | |

**Order Denying Motion to Reduce Sentence**

On December 26, 2019, defendant William Fulcher moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

## I.   Background

The facts of Mr. Fulcher's offenses are relevant to his motion for a sentence reduction, so the Court begins with a short summary. Mr. Fulcher and two other individuals burgled a gun store on June 30, 1998. Dkt. 17, ¶ 4 (presentence investigation report). The next day, Mr. Fulcher and another individual attempted to rob a Village Pantry store in Bloomington, Indiana. *Id*. During the attempted robbery, Mr. Fulcher pointed a gun at a Village Pantry employee and tried to fire it, but the gun malfunctioned. *Id*. Later in July 1998, Mr. Fulcher and others robbed a credit union, taking more than $137,000. *Id.*, ¶¶ 5−6. Mr. Fulcher fled until officers apprehended him in Bangor, Maine. *Id.*, ¶ 8. Mr. Fulcher was 17 years old at the time of his offenses and at sentencing. *See* dkt. 17, p. 2 (Mr. Fulcher born June 17, 1981).

Mr. Fulcher pleaded guilty in January 1999 to burglary of a licensed firearms dealer ("Count 1"); attempted Hobbs Act robbery ("Count 2"); use of a firearm during an attempted Hobbs Act robbery ("Count 3"); robbery of a credit union ("Count 4"); and use of a firearm during the

1

robbery of a credit union ("Count 5"). For Counts 3 and 5, the Court imposed mandatory consecutive sentences of 5 and 20 years. Dkt. 1 at 4 ("JUDGEMNT ENTERED"); *see* 28 U.S.C. § 924(c)(1)(C) (1998) (mandatory "stacking" provision for multiple § 924(c) convictions). The Court sentenced Mr. Fulcher to an additional 2 years for Counts 1, 2, and 4, with these terms running concurrent to each other but consecutive to the sentences for Counts 3 and 5. *Id.* After sentencing credits, Mr. Fulcher's anticipated release date is August 20, 2021.

## II.   Extraordinary and Compelling Circumstances

In 2018, Congress passed the First Step Act, which allows the Court to consider a federal inmate's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). First Step Act of 2018, § 603(b)(1), 132 Stat. 5194, 5239. The Act also modified § 924(c)'s stacking provision, eliminating the mandatory stacking except for "a violation of [§ 924(c)] that occurs after a prior conviction under [§ 924(c)] has become final." *Id.*, § 403(a), 132 Stat. at 5222; *see* 28 U.S.C. § 924(c)(1)(C). But the First Step Act's amendment to § 924(c)(1)(C) applies only to "any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act of 2018, § 403(b), 132 Stat. at 5222.

Mr. Fulcher seeks a sentence reduction based on "extraordinary and compelling reasons." Dkt. 10; *see* 18 U.S.C. § 3582(c)(1)(A)(i). He relies primarily on the fact that he would be eligible for a shorter sentence under the amended version of § 924(c). Dkt. 10 at 10 ("[S]imply the extraordinary length of William's sentence and time served—now over a decade beyond what a modern-day sentence would have imposed—is extraordinary and compelling on its own to grant his petition for a reduction in sentence.").

But Congress expressly declined to make § 403(a)'s amendment retroactive to defendants who were sentenced before the First Step Act was enacted. First Step Act of 2018, § 403(b), 132

Stat. at 5222. And Congress authorized courts to exercise their discretion to apply other sentencing amendments—but not § 403(a)'s stacking amendment—to otherwise ineligible defendants. *See* First Step Act of 2018, § 404(b), 132 Stat. at 5222 (authorizing courts to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed"). If Congress intended to authorize courts to exercise discretion to apply § 403 retroactively to otherwise ineligible defendants, it would have included that amendment in § 404(b). Mr. Fulcher may not use 18 U.S.C. § 3582(c)(1)(A)(i)'s "extraordinary and compelling" provision as an end-around to achieve a result that Congress did not intend. *See United States v. Neubert*, 2020 WL 1285624, at *3 (S.D. Ind. Mar. 17, 2020) (rejecting identical argument); *but see United States v. Arey*, --- F. Supp. 3d ----, ----, 2020 WL 2464796, at *4−5 (W.D. Va. May 13, 2020) (collecting cases and holding that "continued incarceration under a sentencing scheme that has since been substantially amended is a permissible 'extraordinary and compelling' reason to consider a reduction in [the defendant's] sentence").

Mr. Fulcher also may not rely on his rehabilitation—at least not standing alone—as an extraordinary and compelling circumstance justifying a sentence reduction. 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). And while he makes passing reference to his youth at the time of his offense, the Court does not find that his youth and rehabilitation are extraordinary and compelling circumstances that justify a sentence reduction.

### III. Danger to the Community

The Court denies relief for another reason: Mr. Fulcher has failed to demonstrate that he is not a danger to the community.

Congress has directed the United States Sentencing Commission to "promulgat[e] general policy statements regarding [§ 3582(c)(1)(A)'s] sentencing modification provisions." 28 U.S.C.

§ 994(t). The Sentencing Commission's policy statement provides, as relevant here, that a court may reduce a sentence if,

> after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that ... [ (1) ] extraordinary and compelling reasons warrant the reduction ...; (2) [t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) [t]he reduction is consistent with this policy statement.

U.S.S.G. Manual § 1B1.13.

The Court does not find that Mr. Fulcher "is not a danger to the safety of any other person or to the community." *Id.*, § 1B1.13(2). The Court recognizes Mr. Fulcher's significant and praiseworthy efforts toward rehabilitation. *See* dkts. 3-2, 3-3, 3-4, 3-5, 3-6, 3-7, 3-8, 3-9, 3-10, 3-11, 3-12, 3-13, 3-14, 3-15, 3-16, 3-17, 10-1, and 10-2. But given the nature of his crimes, including the pre-planned armed robbery of a credit union and an apparent attempted murder of a convenience store employee, the Court cannot conclude that Mr. Fulcher presents no danger to the community.

## IV.   Conclusion

Mr. Fulcher's motion for sentence reduction, dkt. [2], is **denied**.

**IT IS SO ORDERED.**

Date:   8/5/2020

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Steven D. DeBrota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
steve.debrota@usdoj.gov

Mario Garcia
BRATTAIN MINNIX GARCIA
mario@bmgindy.com

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov